IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10-cv-480-MJR-PMF ) |
| LANGA AIR, INC., SCOTT LANGA and DAVID MELZER, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). On July 2, 2010, Plaintiff Wells Fargo Bank ("Wells Fargo") filed this action invoking subject matter jurisdiction under the federal diversity statute. 28 U.S.C. § 1332. Having reviewed the operative Complaint (Doc. 2), the Court detects a number of flaws in Wells Fargo's jurisdictional pleadings.

First, to invoke diversity jurisdiction, a natural person must be alleged to be a *citizen* of a state, not merely a resident. "[A]llegations of residence are insufficient to establish diversity jurisdiction. . . . It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). Here, Wells Fargo alleges only that the individual Defendants, Scott Langa and David Melzer, *resided* in Illinois. This is insufficient.

Second, according to records of the Missouri Secretary of State, Defendant Langa Air, Inc. ("Langa Air") is a corporation organized under Missouri law that was administratively dissolved as of June 25, 2010, for failure to file its 2009 annual report.[1] Available at https://www.sos.mo.gov. As a result, Langa Air's dissolution occurred prior to this action being filed. The citizenship of a dissolved corporation depends upon the law under which the dissolved corporation was incorporated:

> In general, the citizenship of a dissolved corporation for diversity purposes is determined in one of two ways. First, if the law under which a dissolved corporation was incorporated permits the corporation, after dissolution, to sue and be sued in its own name, the dissolved corporation's citizenship is determined by the state where the corporation was incorporated and the state where the corporation maintained its principal place of business. . . . Second, if the

---

[1] A court may judicially notice public records and government documents, including those available from reliable sources on the Internet. *See e.g.*, *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006)(collecting cases).

> law under which a dissolved corporation was incorporated does not permit the corporation to sue and be sued in its own name after dissolution, then the citizenship of the dissolved corporation for diversity purposes is the citizenship of the trustee or trustees of the dissolved corporation.

Colon v. SmithKline Beecham Corp., Civil No. 09-1073-GPM, 2010 WL 46523, at *3 (S.D. Ill. Jan. 5, 2010) (collecting cases).  In light of this, Wells Fargo must properly allege jurisdictional facts as they relate to a dissolved Missouri corporation.

Finally, Wells Fargo identifies itself as a national banking association that "is a citizen of South Dakota under 28 U.S.C. § 1348" (Doc. 2, ¶ 6).  A national bank is a citizen of the state where its main office, as designated in its articles of association, is located.  *Wachovia Bank. v. Schmidt*, 546 U.S. 303, 306-07 (2006) ("*Wachovia*").  So, under a literal reading of the *Wachovia* Opinion, Wells Fargo's citizenship allegations are probably sufficient.  However, the *Wachovia* Court noted that, in rare cases, the state listed in a national banking association's organization certificate might not be the state where the association has its principal place of business.  *Id.* at 317 n.9.  As a result, the association's citizenship might be determined by both the state listed in the association's organization certificate *and* the state where the association has its principal place of business.  *See e.g.*, *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 993-94 (7th Cir. 2001).  Here, Wells Fargo alleges only that it is a citizen of South Dakota and, in certain cases, this may not be sufficient.

In light of the foregoing deficiencies in its jurisdictional allegations, Wells Fargo is GRANTED leave to amend its Complaint. In its Amended Complaint, Wells Fargo **SHALL** properly allege: (1) the citizenship of the two individual defendants; (2) the citizenship of Defendant Langa Air, Inc.—a dissolved Missouri Corporation; and (3) its own citizenship, including both the state listed in its organization certificate and the state where it has its principal place of business.[2] Wells Fargo **SHALL** file its Amended Complaint **on or before Monday, November 8, 2010.**

IT IS SO ORDERED.

DATED October 25, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

---

[2] As a final word of instruction, the Court reminds Wells Fargo that the jurisdictional facts contained in its Amended Complaint may *not* be alleged on the basis of "information and belief," but rather, they must be based on personal knowledge. See *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).